# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| MEGAN HOPKINS, | : | Case No. 3:24-cv-00155 |
| Plaintiff, | : | |
| | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| MERCY HEALTH SPRINGFIELD REGIONAL MEDICAL CENTER, | : | |
| | : | |
| Defendant. | : | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident proceeding without the assistance of counsel, brings this action to challenge Defendant's treatment of Plaintiff's mother. (*See* Complaint, Doc. No. 1-1.) This is Plaintiff's third attempt to litigate similar claims in this Court. The Court dismissed both of Plaintiff's prior attempts without prejudice for lack of subject-matter jurisdiction. *See Hopkins v. Mercy Health Springfield Regional Medical* Center, No. 3:23-CV-00157, 2023 WL 8477963 (S.D. Ohio Dec. 7, 2023) (Rose, D.J.); *Hopkins v. Mercy Health Springfield Regional Medical Center*, No. 3:24-CV-0080, 2024 WL 1565299 (S.D. Ohio April 11, 2024) (Rose, D.J.).

Currently pending before the Court are Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1) and Defendant's Motion to Dismiss and to Designate Plaintiff as a Vexatious Litigator (Doc. No. 3). For the reasons explained below, the undersigned **GRANTS** the Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1)

and **RECOMMENDS** that Defendant's Motion to Dismiss and to Designate Plaintiff as a Vexatious Litigator (Doc. No. 3) be **GRANTED** to the extent that it seeks dismissal of Plaintiff's claims for lack of subject-matter jurisdiction and **DENIED** to the extent that it seeks Plaintiff's designation as a vexatious litigator.

**I.      MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff has filed a Motion for Leave to Proceed *In Forma Pauperis*, or without prepayment of fees. (Doc. No. 1.) Plaintiff, who is not currently incarcerated, attests under penalty of perjury that she earns approximately $250 per month, has no liquid assets, and has monthly expenses in excess of $400. (*Id.* at PageID 2-3.) Plaintiff further attests that her home, which she owns outright, is valued at approximately $65,000. (*Id.* at PageID 3.) Based on this information, the Court concludes that Plaintiff is financially unable either to prepay the costs of this action or to give security for such costs.

Accordingly, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1) is **GRANTED**. Plaintiff is **GIVEN LEAVE** to proceed *in forma pauperis*, and all Court officers are **ORDERED** to render services in this action as if the costs of those services had been prepaid. However, for the reasons set forth below, the Clerk of Courts is **ORDERED** to hold service in this matter until further Order of the Court.

**II.     DEFENDANT'S MOTION TO DISMISS AND DESIGNATE (DOC. NO. 3)**

Defendant filed a Motion to Dismiss and to Designate Plaintiff as a Vexatious Litigator. (Doc. No. 3.) Defendant argues that Plaintiff's claims should be dismissed for lack of subject-matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. In addition, Defendant urges the Court to designate Plaintiff

2

a vexatious litigator and to impose restrictions on her ability to file future cases in this Court. In response, Plaintiff filed a document captioned Objection to Defendant[']s Motion to Dismiss and Have Me Named as a Vexa[t]ious Litigant/Motion to Deny Defendant[']s Motion to Deny (Doc. No. 5).

### A. Plaintiff's Allegations And Claims

Plaintiff alleges the following facts:

I, Megan Hopkins, am submitting this Complaint on behalf of my mother, Andrea Hopkins. . . . [M]y mother was admitted to [Defendant's] facility on [September 6, 2021] and passed away in their facility on [October 11, 2021].

*****

Defendant violated [18 U.S.C. § 1035] by falsifying [Plaintiff's mother's] medical records when they lied to [Plaintiff] about what was going on while she was under their care.

*****

Defendant violated [Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116] by nonmaleficence, which is the obligation of a physician and staff not to harm the patient. This simply stated principle supports several moral rules – do not kill ([Plaintiff's mother] passed away in [Defendant's] facility because of their complete disregard); do not cause pain or suffering ([Plaintiff's mother] sustained multiple bruises, which I have pictures of, [and Defendant] also broke her ribs and her sternum completely . . . ); do not incapacitate ([Defendant's mother] was on a ventilator and was on very heavy sedation, which she should never have been on at all, [and Defendant] refused to send her for a lifesaving surgery . . ., [and Defendant] never respected my decisions as the immediate next of kin . . . ); do not cause offense (I was told "she's old anyway, just let her die," by the staff on at least four occasions . . . ); and do not deprive others of the goods of life (all of these actions by the defendant caused me to lose my mother . . . )

*****

Defendant violated [29 CFR 1926.95] by not wearing proper medical gear when dealing with [Plaintiff's mother], such as gloves, masks, washing

> hands, not changing her equipment like they are required [to]. [F]or instance, I would go in on a Sunday and her tubes that were in her throat hadn't been changed since Wednesday, [which was] way past when they were marked to be changed . . . [and Defendant] would mess around her tubing and face with no gloves, which I had to address multiple times.
>
> *****
>
> As the next of kin, I have the right to act on [Plaintiff's mother's] behalf legally and make decisions about her care. Also, because she was on a ventilator and unable to make decisions, I, as the immediate next of kin, had every right to make decisions about her care, [and] the defendant violated [32 CFR 724.115 and 38 CFR 17.32] when they went against my decisions as such.

(Doc. No. 1-1, PageID 5-6 (spelling and punctuation adjusted).)

Plaintiff purports to assert several claims: (1) violation of 18 U.S.C. § 1035 for false statements relating to healthcare matters; (2) discrimination in the provision of healthcare in violation of Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116; (3) violation of 29 C.F.R. 1926.95, "Criteria for Personal Protective Equipment;" (5) violation of 32 C.F.R. 724.115, "Next of Kin"; and (6) violation of 38 C.F.R. 17.32, "Informed Consent and Advance Directives." (Doc. No. 1-1, PageID 5-6.)

**B.     Subject-Matter Jurisdiction**

Plaintiff asserts that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because she is "alleging a violation of Federal Law." (Doc. No. 1-1, PageID 5.) Plaintiff further asserts that "it is original [j]urisdiction because no other court has heard this case." (*Id*.) Citing to the dismissal of Plaintiff's previous cases, Defendant argues that the Court has already held that Plaintiff's allegations do not give rise to subject-matter jurisdiction. (Doc. No. 3, PageID 15-17.) Defendant contends that the Court should make

4

the same ruling here, as Plaintiff has cited no additional authority that would confer jurisdiction in this case. (*Id.*)

1. **Legal Standard**

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute . . . , which is not to be expanded by judicial decree[.]" *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). This Court has a duty to review *sua sponte* whether subject-matter jurisdiction exists in each case before it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and 28 U.S.C. § 1332, which provides for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). A federal court has federal-question jurisdiction when a plaintiff's claim "aris[es] under the federal laws or the Constitution." *Id.* However, a mere citation to a federal statute does not constitute a claim "arising under" federal law. In order to establish federal-question jurisdiction, a plaintiff must "plead a **colorable** claim arising under the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513 (internal quotations omitted and emphasis added).

5

Because Plaintiff chose to file this lawsuit in this Court, she bears the burden of showing the existence of federal jurisdiction. *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010). Facts establishing jurisdiction must be affirmatively pled on face of the complaint. *See Corner v. Greef*, 99 F. App'x 577, 580 (6th Cir. 2004) (plaintiff "must plead upon the face of his complaint facts either giving rise to diversity jurisdiction or stating a federal question"); *Carpenter v. Leonard*, No. 84-03261, 2021 U.S. App. LEXIS 34770, at *3 (6th Cir. 1986) ("Federal jurisdiction must be determined from the face of the complaint.").

2.  Analysis

Plaintiff is suing Defendant based upon her mother's death at Defendant's facility. As the Court has twice explained to Plaintiff, claims for wrongful death are governed by state law rather than federal law. *See Hopkins v. Mercy Health Springfield Regional Medical* Center, No. 3:23-CV-00157, 2023 WL 8481583, at *4 (S.D. Ohio Nov. 21, 2023) (Gentry, M.J.), report and recommendation adopted and case dismissed at 2023 WL 8477963 (S.D. Ohio Dec. 7, 2023) (Rose, D.J.); *Hopkins v. Mercy Health Springfield Regional Medical Center*, No. 3:24-CV-0080, 2024 WL 1347452, at *3 (S.D. Ohio March 29, 2024) (Gentry, M.J.), report and recommendation adopted and case dismissed at 2024 WL 1565299 (S.D. Ohio April 11, 2024) (Rose, D.J.). **Therefore, wrongful death claims are typically filed in state court, not in federal court.**[1]

---

[1] Plaintiff objects to her claims being characterized as "wrongful death" or "medical malpractice." She argues that "the laws mentioned in my complaint do not carry the same statutes." (Doc. No. 5, PageID 24.) However, "[t]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of the claim. Factual allegations alone are what matters." *Knapp v. City of Columbus*, 93 F. App'x 718, 720 (6th Cir. 2004). Here,

6

The question before this Court is whether Plaintiff has pled a cognizable federal claim sufficient to invoke this Court's federal-question jurisdiction.

First, Plaintiff asserts a claim under 18 U.S.C. § 1035, which is a federal criminal statute. (Doc. No. 1-1, PageID 5.) As the Court has repeatedly advised Plaintiff, criminal statutes "do[] not authorize a private cause of action. *See Russell v. Killian*, No. 3:22-cv-574, 2022 WL 17177642, at *3 (M.D. Tenn. Nov. 3, 2022) (collecting cases to the effect that 'criminal statutes . . . cannot be used to grant plaintiff[s] access to federal courts')." *See Hopkins v. Mercy Health Springfield Regional Medical* Center, No. 3:23-CV-00157, 2023 WL 8481583, at *4 (S.D. Ohio Nov. 21, 2023) (Gentry, M.J.), report and recommendation adopted and case dismissed at 2023 WL 8477963 (S.D. Ohio Dec. 7, 2023) (Rose, D.J.); *Hopkins v. Mercy Health Springfield Regional Medical Center*, No. 3:24-CV-0080, 2024 WL 1347452, at *3 (S.D. Ohio March 29, 2024) (Gentry, M.J.), report and recommendation adopted and case dismissed at 2024 WL 1565299 (S.D. Ohio April 11, 2024) (Rose, D.J.). To the extent that Plaintiff purports to bring a claim under 18 U.S.C. § 1035, that claim fails to invoke the subject-matter jurisdiction of this Court.

Second, Plaintiff invokes Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116. (Doc. No. 1-1, PageID 5-6.) She alleges that "Defendant violated this law by nonmaleficence, which is the obligation of a physician and staff not to harm the patient." (*Id*. at PageID 6.) She specifies various actions that Defendant allegedly took that violated this obligation. (*Id*.)

---

Plaintiff's factual allegations indicate that she is seeking relief for her mother's death while in Defendant's care and Defendant's alleged failure to provide the appropriate standard of medical care. These claims are appropriately characterized as claims for wrongful death or, perhaps, for medical malpractice.

"Section 1557 prohibits discrimination in the provision of healthcare based on race, color, and national origin (Title VI); sex (Title IX); age (Age Discrimination Act); and disability (Rehabilitation Act), and it incorporates the enforcement mechanisms provided for under these statutes." *Galuten v. Williamson Cnty. Hosp. Dist.*, No. 21-5007, 2021 WL 3043275, at *11-12 (6th Cir. July 20, 2021) (citing *Doe v. BlueCross Blue Shield of Tenn., Inc.*, 926 F.3d 235, 238 (6th Cir. 2019)) (internal punctuation omitted). Therefore, "to state a claim for a Section 1557 violation, a plaintiff must allege facts adequate under the applicable statute enumerated in Section 1557." *Do No Harm v. Pfizer, Inc.*, 646 F. Supp. 3d 490, 511 (S.D.N.Y. 2022) (citing *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1210 (9th Cir. 2020) (adopting logic of *Doe v. BlueCross BlueShield of Tennessee, Inc.*, 926 F.3d 235 (6th Cir. 2019)) (internal quotations omitted)).

In this case, Plaintiff alleges that her mother was discriminated against on the basis of age. Therefore, the applicable standard is that set forth in the Age Discrimination Act of 1975, 42 U.S.C. §§ 6101 *et seq*. However, the Court has **already twice held** that Plaintiff's allegations are insufficient to state a colorable claim under the Age Discrimination Act. *Hopkins v. Mercy Health Springfield Regional Medical* Center, No. 3:23-CV-00157, 2023 WL 8481583, at *4 (S.D. Ohio Nov. 21, 2023) (Gentry, M.J.) ("The facts pled in the Complaint—which asserts a wrongful death action—do not support a claim for age discrimination, as would be required to sue under the Age Discrimination Act of 1975."), report and recommendation adopted and case dismissed at 2023 WL 8477963 (S.D. Ohio Dec. 7, 2023) (Rose, D.J.); *Hopkins v. Mercy Health Springfield Regional Medical Center*, No. 3:24-CV-0080, 2024 WL 1347452, at *3 (S.D.

8

Ohio March 29, 2024) (Gentry, M.J.) (same), report and recommendation adopted and case dismissed at 2024 WL 1565299 (S.D. Ohio April 11, 2024) (Rose, D.J.). Plaintiffs' new Complaint (Doc. No. 1-1) contains no additional facts that remedy this deficiency. Therefore, this claim does not invoke this Court's federal-question jurisdiction.

Third, Plaintiff asserts claims for violations of various provisions of the Code of Federal Regulations. (Doc. No. 1-1, PageID 6.) Section 1926.95 of Chapter 29 of the Code of Federal Regulations, which specifies "[c]riteria for personal protective equipment," forms part of the Occupational Safety and Health Act ("OSHA"). However, "there [is] no private cause of action for an alleged OSHA violation." *Madigan v. Nabisco Brands, Inc./RJR Reynolds Co.*, 46 F. App'x 329, 331 (6th Cir. 2002) (citing *Ellis v. Chase Communications, Inc.*, 63 F.3d 473, 477 (6th Cir. 1995)). Section 724.115 of Title 32 of the Code of Federal Regulations provides definitions for the use of the Naval Discharge Review Board. It does not create a cause of action and is facially inapplicable to the facts that Plaintiff alleges. Section 17.32 of Title 38 of the Code of Federal Regulations provides definitions related to the provision of medical care by the Department of Veterans Affairs. It also does not create a cause of action and is also facially inapplicable to the facts that Plaintiff alleges. Therefore, Plaintiff's claims under the Code of Federal Regulations do not invoke this Court's federal-question jurisdiction.

Finally, as in Plaintiff's previous cases, the undersigned notes that the sparse factual allegations in Plaintiff's Complaint are likely insufficient to establish any claim for relief. "Merely citing to [a] statute without making any allegations that would support a claim . . . d[oes] not suffice to vest the [C]ourt with jurisdiction." *Jamison v. Hart*

9

*Realty*, No. 01-03143, 2001 U.S. App. LEXIS 18054, at *5 (6th Cir. Aug. 6, 2001). In a federal complaint, "[f]actual allegations alone are what matters." *Knapp v. City of Columbus*, 93 F. App'x 718, 720 (6th Cir. 2004). Here, Plaintiff's factual allegations fail to rise to the level of a "colorable claim" under federal law. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

Accordingly, the undersigned **RECOMMENDS** that the Court **GRANT** Defendant's Motion to Dismiss and to Designate Plaintiff as a Vexatious Litigator (Doc. No. 3) to the extent that it seeks dismissal for lack of subject-matter jurisdiction.

### C. Vexatious Litigator Status

As Defendant notes, this case is Plaintiff's third attempt to litigate near-identical factual allegations. (*See* Doc. No. 3, PageID 18.) Plaintiff of course has a constitutional right of access to the courts. *See Simmons v. United States*, 974 F.3d 791, 796 (6th Cir. 2020) ("The Supreme Court has long recognized a constitutional right of access to courts." (collecting cases)). However, that right is not unlimited. *E.g.*, *Sobamowo v. Bonner*, No. 91-5218, 1993 U.S. App. LEXIS 19347, at *9 (D.C. Cir. July 22, 1993) (right of access to courts "meaningful, but not unlimited"). Therefore, "baseless litigation" is not constitutionally protected, *Bill Johnson's Rests. v. NLRB*, 461 U.S. 731, 743 (1983), and "[p]laintiffs have an obligation to stop, think, investigate and research before initiating a lawsuit or filing a paper with the court." *Podlucky v. United States*, No. 2:23-CV-01899, 2024 WL 553966, at *4 (W.D. Pa. Jan. 12, 2024).

Defendant asks the Court to declare Plaintiff a vexatious litigator and impose pre-filing requirements on any future cases in this court. (Doc. No. 3, PageID 18.) Defendant

10

correctly notes that federal courts have the inherent authority to impose such restrictions and that this Court has previously done so in similar circumstances. *See Lutz v. Columbus*, No. 1:11-CV-00350, 2011 U.S. Dist. LEXIS 145296 (S.D. Ohio Nov. 23, 2011) (Litkovitz, M.J.), report and recommendation adopted at 2011 U.S. Dist. LEXIS 145232 (S.D. Ohio Dec. 16, 2011) (Barrett, D.J.).

Plaintiff argues that she should not be declared a vexatious litigator because she had "reasonable grounds" for her filings. (Doc. No. 5, PageID 25.) She contends that "[a] 'vexatious' claim or complaint is one being pressed specifically to cause harassment, annoyance, frustration, worry, or even bring financial cost" and asserts that her claims have been properly motivated and therefore do not fit this definition. (*Id*. at PageID 26.)

Designation of a plaintiff as a vexatious litigator is "an extreme sanction," *Sultaana v. Jerman*, No. 1:15-CV-00382, 2019 U.S. Dist. LEXIS 206088, at *9 (N.D. Ohio Nov. 27, 2019), and pre-filing conditions are "an extreme remedy which must be narrowly tailored and sparingly used." *Hollis-Arrington v. PHH Mortg. Corp.*, 205 F. App'x 48, 55 (3d Cir. 2006). Here, the undersigned does not believe that Plaintiff's "use of the courts has been exclusively frivolous or malicious." *Mourning v. Corr. Med. Servs.*, No. 06-00590, 2006 WL 2465415, at *4 (D.N.J. Aug. 23, 2006). Moreover, in both of Plaintiff's prior cases, Defendant did not enter an appearance until *after* the undersigned Magistrate Judge raised concerns about the existence of subject-matter jurisdiction. (*See* Case No. 3:23-CV-00157, Doc. No. 8 (ordering Plaintiff to show cause why her claims should not be dismissed for lack of subject-matter jurisdiction more than a week before Defendant filed its motion to dismiss); Case No. 3:24-CV-0080, Doc. No.

11

2 (recommending dismissal for lack of subject-matter jurisdiction five days before Defendant filed its motion to dismiss).) And in all three of Plaintiff's cases, Defendant voluntarily appeared and engaged in motion practice before the Court ordered service of the Complaint. On these facts, it does not appear that Defendant has been unduly prejudiced by Plaintiff's filings.

For these reasons, the undersigned **RECOMMENDS** that the Court **DENY** Defendant's Motion to Dismiss and to Designate Plaintiff as a Vexatious Litigator (Doc. No. 3) to the extent that it seeks Plaintiff's designation as a vexatious litigator. However, Plaintiff is **CAUTIONED** that if she continues to attempt to relitigate claims that the Court has repeatedly dismissed as non-colorable, the Court retains the discretion to impose sanctions, including denial of future motions for leave to proceed *in forma pauperis*, dismissal of future complaints *with* prejudice, or, as Defendant requests, declaring Plaintiff a vexatious litigator. *See, e.g.*, Talley v. Lacotta, No. 2:22-CV-01663, 2024 WL 757084, at *1 (W.D. Pa. Feb. 20, 2024) ("This Court has the discretionary authority to deny in forma pauperis status to persons who have abused the privilege." (collecting extensive cases)); *Bardes v. Bush*, No. 23-03272, 2023 WL 9318039, at *2 (6th Cir. Dec. 4, 2023) ("[I]n rare cases where a district court lacks subject-matter jurisdiction, it may dismiss the action with prejudice as a sanction for misconduct." (internal quotations omitted)); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) ("The district court entered an order requiring leave of court before the plaintiffs filed any further complaints. This requirement is the proper method for handling the complaints of prolific litigators . . . ").

V.     **CONCLUSION**

In sum, for the reasons stated, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1) is **GRANTED**. The undersigned further **RECOMMENDS** that Defendant's Motion to Dismiss and to Designate Plaintiff as a Vexatious Litigator (Doc. No. 3) be **GRANTED** to the extent that it seeks dismissal of Plaintiff's claims for lack of subject-matter jurisdiction and **DENIED** to the extent that it seeks Plaintiff's designation as a vexatious litigator. The Clerk is **DIRECTED** to hold service of the Complaint and summons pending further Order of the Court.

    **IT IS SO ORDERED AND RECOMMENDED.**

                                              */s/ Caroline H. Gentry*
                                              United States Magistrate Judge

Procedure on Objections

If any party objects to this Order and Report and Recommendation ("Report"), that party may, within fourteen (14) days of the date that this Report was filed, file and serve written objections to specific findings or recommendations along with supporting authority for the objection(s). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. A District Judge will then make a *de novo* determination of the portions of the report, findings, or recommendations to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, this Court's findings or recommendations, may receive

further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are advised that a failure to object to the Report will result in a waiver of a party's right (1) to have the District Judge review the Report *de novo* and (2) to appeal a decision of the District Court adopting the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).